UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DASHAWN AUSTIN,

               Plaintiff,                        **23 CV 1805 (RPK)(LB)**

    -against-

WARDEN CARTER; ASSISTANT DEPUTY
WARDEN SANTIAGO; DEPUTY WARDEN BANKS;
DEPUTY WARDEN CHESTER; DEPUTY WARDEN
MORALES; CAPTAIN BATCHELOR;

               Defendants.
-----------------------------------------------------------------X
JAYQUAN LANE,

               Plaintiff,                        **23 CV 1806 (RPK)(LB)**

    -against-

WARDEN CARTER; ASSISTANT DEPUTY
WARDEN SANTIAGO; DEPUTY WARDEN BANKS;
DEPUTY WARDEN CHESTER; DEPUTY WARDEN
MORALES; CAPTAIN G. BATCHELOR;

               Defendants.
-----------------------------------------------------------------X
BRANDON LEE,

               Plaintiff,                        **23 CV 1807 (RPK)(LB)**
    -against-

WARDEN CARTER; ASSISTANT DEPUTY
WARDEN SANTIAGO; DEPUTY WARDEN BANKS;
DEPUTY WARDEN CHESTER; DEPUTY WARDEN
MORALES; CAPTAIN G. BATCHELOR;

               Defendants.
-----------------------------------------------------------------X

1

```
-----------------------------------------------------------------X
```
TEX ORTIZ,

                      Plaintiff,                    **23 CV 1808 (RPK)(LB)**

       -against-

WARDEN CARTER; ASSISTANT DEPUTY
WARDEN SANTIAGO; DEPUTY WARDEN BANKS;
DEPUTY WARDEN CHESTER; DEPUTY WARDEN
MORALES; CAPTAIN G. BATCHELOR;

                      Defendants.
```
-----------------------------------------------------------------X
```
RALPH THOMPSON,

                      Plaintiff,                    **23 CV 5234 (RPK)(LB)**

       -against-

WARDEN CARTER; A.D.W. CAPPELLE;
SOLOMON CHESTER; TIFFANY MORALES;
TATANISHA BANKS;

                      Defendants.
```
-----------------------------------------------------------------X
```

## REPORT & RECOMMENDATION

**BLOOM, United States Magistrate Judge:**

In these five civil rights actions, *pro se* plaintiffs allege that while they were pretrial detainees on Rikers Island, defendants violated their constitutional rights by denying them access to the South Side Law Library in August 2022, and again in January and February 2023. Defendants move to dismiss the complaints pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The Honorable Rachel Kovner referred defendants' motions to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the reasons set forth below, it is respectfully recommended that defendants' motions should be granted, and plaintiffs' complaints should be dismissed.

## BACKGROUND

For the purposes of defendants' motions to dismiss, all well-pleaded allegations in plaintiffs' complaints are taken as true and all inferences are drawn in their favor.[1]

Plaintiffs Dashawn Austin, Jayquan Lane, Brandon Lee, Tex Ortiz, and Ralph Thomson bring these actions under 42 U.S.C. § 1983.[2] Although plaintiffs bring separate actions, four of the five actions were filed on the same day and all of the pleadings utilize form complaints that are nearly identical. Plaintiffs all allege that while they were pretrial detainees in the custody of the New York City Department of Correction on Rikers Island, they were unable to access the South Side Law Library at the Anna M. Kross Center due to early closures on 49 days in August 2022, January 2023, and February 2023. See ECF Nos. 1. Plaintiffs all name the same six defendants, employees of the New York City Department of Correction: Warden Carter; Deputy Wardens Bank, Chester, and Morales; Assistant Deputy Warden Santiago; and Captain Batchelor.[3] Id. Plaintiff Thompson also names Assistant Deputy Warden Cappelle as a defendant.

Plaintiffs allege that on August 6, 13, and 20, 2022, and from January 10 – 31, 2023, the South Side Law Library closed early at 2:00 p.m. "due to staffing issues." ECF Nos. 1 at 6, 7. Plaintiffs Ortiz and Thompson allege additional law library closures from February 1 through 24, 2023. ECF Nos. 1 at 5. On these dates, plaintiffs' requests to visit the law library were denied, and they were unable to "use the Kiosk" or "research, view discovery, or type a motion." ECF Nos. 1

---

[1] The Court also considered plaintiffs' exhibits that contained documents plaintiffs relied on or incorporated by reference in their complaints. See Nicosia v. Amazon.com, Inc., 834 F.3d 220, 230 (2d Cir. 2016) ("A complaint is deemed to include any written instrument attached to it as an exhibit or . . . documents incorporated in it by reference.") (citation and quotation omitted).

[2] A sixth plaintiff, Jerome Noble, also filed a similar action. See Noble v. Warden C. Carter et al, 23-CV-2650(RPK)(LB).

[3] The New York City Department of Correction ("DOC") was initially listed as defendant on the Court's docket in Austin, Lane, Lee, and Ortiz. The Court directed the Clerk of Court to terminate the DOC as a defendant, as plaintiffs' complaints identified the DOC as the individual defendants' employer, rather than as a separate defendant. Lane, ECF No. 12; Lee, ECF No. 13; Ortiz, ECF No. 13.

at 6. As a result, plaintiffs all allege they were "unable to properly prepare" for their court cases and experienced mental anguish. Id. Plaintiffs seek "treble and punitive" damages ranging from $50,000 to $100,000.[4] See ECF Nos. 1 at 6.

Plaintiffs allege that they filed grievances with the Department of Correction on January 10, 2023 and that their grievances went unanswered. ECF Nos. 1 at 8. Plaintiffs attach copies of their grievances, as well as letters addressed to the Department of Correction requesting assistance with violations of their "Detainee rights." Id. at 13-15. Plaintiffs also state that they brought Article 78 proceedings in state court. Id. at 9.

## PROCEDURAL HISTORY

Plaintiffs Austin, Lane, and Lee filed these actions and moved for leave to proceed *in forma pauperis* on February 21, 2023; plaintiff Ortiz filed on March 1, 2023; and plaintiff Thompson filed on July 6, 2023.[5] See Austin v. Warden Carter et al, 23-CV-1805, ECF Nos. 1, 2 (hereinafter "Austin"); Lane v. Warden Carter et al, 23-CV-1806, ECF Nos. 1, 2 (hereinafter "Lane"); Lee v. Warden Carter et al, 23-CV-1807, ECF Nos. 1, 2 (hereinafter "Lee"); Ortiz v. Warden Carter et al, 23-CV-1808, ECF Nos. 1, 2 (hereinafter "Ortiz"); Thompson v. Warden Carter C et al, 23-CV-5234, ECF Nos. 1, 2 (hereinafter "Thompson"). The Court granted plaintiffs' applications to proceed *in forma pauperis* and directed the United States Marshals Service to serve defendants with the summonses and complaints.[6] Austin, ECF No. 7; Lane, ECF No. 6; Lee, ECF No. 6; Ortiz, ECF No. 6; Thompson, ECF No. 4.

---

[4] Plaintiff Austin seeks $72,000 in damages. ECF No. 1 at 6. Plaintiff Lane seeks $60,000. ECF No. 1 at 6. Plaintiff Lee seeks $55,000. ECF No. 1 at 5. Plaintiff Ortiz seeks $100,000. ECF No. 1 at 6. Plaintiff Thompson seeks $50,000. ECF No. 1 at 6.

[5] The Court issued deficiency notices to plaintiffs Austin, Lane, Lee, and Ortiz, as they did not submit a signed Prisoner Authorization form as required by the Prison Litigation Reform Act. ECF Nos. 3. Plaintiffs returned the signed Prisoner Authorization forms between March and May 2023. Austin, ECF No. 6; Lane, ECF No. 5; Lee, ECF No. 5; Ortiz, ECF No. 5.

[6] In Austin, the summonses were returned unexecuted for defendants Santiago, Banks, and Morales, with notations that the process server was "unable to locate" defendants at the address plaintiff provided. Austin, ECF No. 10.

4

In June and July 2023, defendants requested briefing schedules for their anticipated motions to dismiss in <u>Austin</u>, <u>Lane</u>, <u>Lee</u>, and <u>Ortiz</u>.[7] <u>Austin</u>, ECF No. 21; <u>Lane</u>, ECF No. 17; <u>Lee</u>, ECF No. 14; <u>Ortiz</u>, ECF Nos. 14, 15. The Court set briefing schedules, but later stayed them and granted all the plaintiffs leave to amend their complaints by October 5, 2023. <u>See</u> <u>Gomez v. USAA Federal Sav. Bank</u>, 171 F.3d 794 (2d Cir. 1999) (explaining that *pro se* plaintiffs should generally be afforded an opportunity to amend a complaint prior to its dismissal for failure to state a claim); <u>Austin</u>, ECF No. 22; <u>Lane</u>, ECF No. 20; <u>Lee</u>, ECF No. 22; <u>Ortiz</u>, ECF No. 18. The Court's Order granting plaintiffs leave to amend stated that to establish a civil rights violation based on denial of access to the courts, a plaintiff must allege that he suffered an actual injury.[8] <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996). The Court warned plaintiffs that their complaints contained only conclusory allegations regarding their injuries, and directed them to specify the actual injuries they suffered as a result of the law library closures, as well as what each defendant did or failed to do that violated their rights. <u>Id.</u>

Plaintiffs did not amend their complaints. Plaintiff Ortiz filed a document labeled "Notice of Memorandum" on September 1, 2023, which the Court construed as a supplement to his complaint. <u>Ortiz</u>, ECF No. 19; ECF Order dated October 25, 2023.

On October 25, 2023, the Court set revised briefing schedules for defendants' proposed motions to dismiss.[9] <u>See</u> ECF Orders dated October 25, 2023. Plaintiffs did not oppose defendants'

---

However, defendants Santiago and Banks were successfully served at that address in <u>Lane</u>. <u>Austin</u>, ECF No. 11. The Court directed the Office of Corporation Counsel ("Corporation Counsel") to either accept service of process for defendants Santiago and Banks or provide their correct service addresses. <u>Id.</u> In response, Corporation Counsel provided the Court with the same service address as the one plaintiff initially provided, which led to the summons being returned unexecuted. ECF No. 18. The Court deemed that defendants Santiago and Banks had been served. ECF No. 19.

[7] The complaint in <u>Thompson</u> was filed in July 2023. ECF No. 1. In September 2023, Corporation Counsel requested a *sua sponte* extension of time to respond to the complaint. The Court denied the request for an extension and granted plaintiff leave to amend his complaint by November 12, 2023. ECF No. 9.

[8] The Court enclosed copies of the Supreme Court's decision in <u>Lewis v. Casey</u>, 518 U.S. 343 (1996) and sent each plaintiff a copy of the Court's *pro se* manual.

[9] The Court set a briefing schedule in <u>Thompson</u> on November 22, 2023. <u>See</u> ECF Order dated November 22, 2023.

motions. The Court's Orders were mailed to plaintiffs at the addresses they provided to the Court. The Orders setting the briefing schedules for the instant motions were not returned as undeliverable in Austin,[10] Lane, Lee,[11] and Thompson. In Ortiz, the Court's Order setting the revised briefing schedule was returned as undeliverable. ECF No. 20. The Court sent the revised Order to plaintiff at his current address at the Clinton Correctional Facility.[12]

The Court *sua sponte* granted plaintiffs *nunc pro tunc* extensions of time to respond to the motions. See Austin, Lane, Lee, Ortiz, ECF Orders dated January 4, 2024; Thompson, ECF Order dated January 23, 2024. However, plaintiffs never responded to defendants' motions. On January 25, 2024, the Court deemed the motions fully briefed. See Austin, Lane, Lee, Ortiz, ECF Orders dated January 25, 2024; Thompson, ECF Order dated January 23, 2024. The motions were referred to me for a Report and Recommendation.

---

[10] A copy of the Court's Order granting plaintiff Austin leave to proceed *in forma pauperis* was returned as undeliverable in June 2023. ECF No. 16. The Court amended plaintiff's address on the docket to reflect the address listed on the New York City Department of Correction database. ECF No. 17.

[11] Copies of the Court's Orders in Lee were returned as undeliverable in July and August 2023. ECF Nos. 15, 19, 21. Upon the Court's direction, Corporation Counsel provided plaintiff's last known address, at the Attica Correctional Facility, and the Court amended plaintiff's address on the docket. ECF No. 18. The Clerk of Court sent courtesy copies of the Orders that had been returned to plaintiff at that address. On February 8, 2024, a copy of the Court's January 25, 2024 Orders extending the briefing schedule and referring the motion to me were returned as undeliverable with the notation "no mail receptable, unable to forward." ECF No. 29. The Court searched plaintiff's identification number on the New York State Department of Corrections and Community Supervision database, which reflected that plaintiff was incarcerated at the Auburn Correctional Facility. The Court sent copies of the January 25, 2024 Order to plaintiff at that facility.

[12] After the Court's Order setting a revised briefing schedule was returned, the Court directed Corporation Counsel to provide plaintiff's last known address. Ortiz, ECF No. 21. Corporation Counsel notified the Court that plaintiff had been relocated to the Clinton Correctional Facility. ECF No. 22. The Court amended plaintiff's address on the docket and sent plaintiff copies of the Orders at that address. ECF No. 23. Plaintiff also filed a letter dated December 18, 2023 stating that he is incarcerated at Clinton Correctional Facility. ECF No. 29. A copy of the Court's November 16 Order sent to plaintiff on Rikers Island was returned as undeliverable on January 5, 2024. ECF No. 30. By letter dated January 10, 2024, plaintiff stated that he had not received defendants' motion to dismiss and requested an extension of time to oppose the motion. ECF No. 31. The Court granted plaintiff an extension to February 15, 2024, and sent defendants' motion to dismiss to plaintiff at his Clinton Correctional Facility address. See ECF Order dated January 19, 2024.

**DISCUSSION**

I.      **Standard of review**

A court reviewing a motion to dismiss must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007); Koppel v. 4987 Corp., 167 F.3d 125, 130 (2d Cir. 1999). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss, plaintiff must do more than allege facts that are "merely consistent with" a defendant's liability or "speculative," Twombly, 550 U.S. at 555–56; they must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556). If a plaintiff does not "nudge[] [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." Twombly, 550 U.S. at 570.

Nevertheless, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal citation omitted)); see also Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007) ("We liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions 'to raise the strongest arguments they suggest.'") (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994) (internal citation omitted)).

Defendants move to dismiss plaintiffs' complaints for failure to state a claim, on the grounds that: (1) plaintiffs do not plausibly allege that defendants violated their right of access to the courts; (2) plaintiffs do not allege defendants' personal involvement; (3) violations of agency-

created policies do not give rise to constitutional violations; (4) the Department of Correction is a non-suable entity; and (5) plaintiffs fail to allege state law negligence claims against defendants.[13] Defendants' motions to dismiss plaintiffs' complaints should be granted for the reasons discussed below.

### I.    Access to the courts

"Prisoners, including pretrial detainees, 'have a constitutional right of access to the courts.'"[14] Bourdon v. Loughren, 386 F.3d 88, 92 (2d Cir. 2004) (quoting Bounds v. Smith, 430 U.S. 817, 821 (1977)). The right of access to the courts "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. (quoting Bounds, 430 U.S. at 828). But the right of access to the courts does not give rise to an "abstract, freestanding right to a law library or legal assistance." Lewis v. Casey, 518 U.S. 343, 351 (1996). "Because law libraries and legal assistance programs do not represent constitutional rights in and of themselves, but only the means to ensure 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts,' prisoners must demonstrate 'actual injury' in order to have standing." Benjamin v. Fraser, 264 F.3d 175, 185 (2d Cir. 2001) (quoting Lewis, 518 U.S. at 351). A plaintiff cannot show actual injury "simply by establishing that his prison's law library . . . is subpar in some theoretical sense." Lewis, 518 U.S. at 351. Instead, a plaintiff must "demonstrate that the alleged shortcomings in the library . . . hindered his efforts to pursue a legal claim" that is nonfrivolous. Lewis, 518 U.S. at 351, 353; see also Kaminski v. Semple, 796 F.

---

[13] Defendants further move for dismissal based on plaintiffs' failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

[14] The basis for this right is "unsettled." Bourdon v. Loughren, 386 F. 3d 88, n.1 (quoting Christopher v. Harbury, 536 U.S. 403, 415 (2002)). "[T]he source of this right has been variously located in the First Amendment right to petition for redress, the Privileges and Immunities Clause of Article IV, section 2, and the Due Process Clauses of the Fifth and Fourteenth Amendments." Monsky v. Moraghan, 127 F.3d 243, 246 (2d Cir. 1997).

App'x 36, 39 (2d Cir. 2019) ("To state a denial-of-access-to-the-courts claim, a prisoner must show that: (1) he suffered an actual injury, (2) to a non-frivolous legal claim, (3) concerning his criminal conviction, habeas corpus petition, or conditions of confinement.") (internal quotations and citations omitted). "Actual injuries include the dismissal of a complaint for a technical deficiency that would have been cured with appropriate legal facilities, or that a prisoner was 'stymied' from bringing an arguably actionable claim by the 'inadequacies of the law library.'" Kaminski, 796 F. App'x at 39 (quoting Lewis, 518 U.S. at 351).

Although plaintiffs allege that they were unable to prepare for their court cases and view their discovery, plaintiffs do not allege that they sustained any actual injuries stemming from the closures of the South Side Law Library. Plaintiffs merely state that because they were unable to visit the law library on the dates alleged, they were unable to "research, view discovery, or type a motion." ECF Nos. 1 at 6. As a result, plaintiffs state that they were unprepared for their cases. Id. These vague allegations do not demonstrate an actual injury to a nonfrivolous legal claim. Plaintiffs do not allege "which specific, nonfrivolous legal challenges were affected by the named defendants' actions; which particular deadlines, if any, [they] missed due to such actions; or what specific documents, such as motions or pleadings, [they were] prevented from filing." Gunn v. McNeil, No. 19-CV-11821, 2020 WL 7647422, at *5 (S.D.N.Y. Dec. 23, 2020); see also Pena-Sanchez v. New York City, No. 22-CV-4942, 2022 WL 2954367, at *4 (S.D.N.Y. July 26, 2022) (holding that plaintiff failed to state an access-to-the courts claim where plaintiff did not "identify the nature of the 'nonfrivolous,' 'arguable' underlying claim" he was pursuing).[15] Plaintiffs similarly do not identify "any actual denial of legal rights . . . based on the asserted constitutionally

---

[15] The Clerk of Court is respectfully directed to send plaintiffs the attached copies of the unreported cases cited herein.

deficient legal resources."[16] <u>Swinton v. Livingston Cnty.</u>, No. 21-CV-1434, 2023 WL 2317838, at

*3 (2d Cir. Mar. 2, 2023) (citation omitted); <u>see also</u> <u>Black v. Kurtz</u>, No. 16-CV-3941, 2016 WL

4536869, at *1 (E.D.N.Y. Aug. 30, 2016) (dismissing claim for denial of access to courts where

plaintiff "failed to demonstrate that he was in any way prejudiced in his criminal case").

Plaintiff Ortiz alleges in the supplement to his complaint that as a result of his inability to

access the law library, he was unable to provide his attorney with information to help with his case,

that he missed deadlines to write motions, that he was not able to prepare himself for his trial

"because [he] needed to understand charges, trials, and motions," and that he took a plea deal as a

result. <u>Ortiz</u>, ECF No. 19 at 1. This supplemental pleading fails to state a claim for denial of

plaintiff's right to access the courts for two reasons. First, plaintiff again fails to identify any

specific hindrance to a particular legal claim or defense. <u>See</u> <u>Speaks v. Saeed</u>, No. 14-CV-6826,

2022 WL 541767, at *6 (E.D.N.Y. Feb. 23, 2022) (finding that a "'[d]eprivation of knowledge of

law, los[s] of filing timely and accurate motions, [and] los[s] of raising relevant and timely

arguments'" are insufficient to plausibly plead an actual injury).

Second, plaintiff alleges that he was represented by counsel.[17] <u>Ortiz</u>, ECF No. 19 ("I was

not able to meet any deadlines, file claims or assist my attorney with information I retrieved from

the library."). Law libraries are not the only method of assuring meaningful access to the courts;

"the appointment of counsel can [also] be a valid means of fully satisfying a state's constitutional

obligation to provide prisoners, including pretrial detainees, with access to the courts" consistent

---

[16] Plaintiffs' allegations that they were denied the two hours per day of law library services required by the New York City Board of Correction's Minimum Standards do not state an actual injury for purposes of plaintiffs' Section 1983 claims. ECF Nos. 1 at 4. "Although the Second Circuit does not appear to have ruled on the issue, district courts in this Circuit consistently have found that [the Board of Correction's] Minimum Standards do not, standing alone, establish a violation of a federally guaranteed right for purposes of Section 1983." <u>Williams v. City of New York</u>, No. 21-CV-1083, 2022 WL 21828497, at *10 (S.D.N.Y. Aug. 5, 2022). As such, "violation[s] of the Minimum Standards in and of themselves do not establish the basis for the deprivation of Constitutional right." <u>Id.</u>

[17] Plaintiffs Austin, Lane, Lee, and Thompson do not state whether they were represented by counsel in their underlying criminal proceedings.

with their constitutional rights to due process and equal protection. Bourdon, 386 F.3d at 94. As such, "[i]f an inmate is provided with legal counsel, the inmate is given a 'reasonably adequate opportunity' to present his claim and there is no violation of constitutional magnitude." Perez v. Metro. Corr. Ctr. Warden, 5 F. Supp. 2d 208, 211 (S.D.N.Y. 1998), aff'd sub nom. Perez v. Metro. Corr. Ctr.'s Warden, 181 F.3d 83 (2d Cir. 1999) (quotation omitted) (collecting cases). "[W]hen a prisoner with appointed counsel claims that he was hindered by prison officials in his efforts to defend himself or pursue other relevant legal claims, he must show that, on the facts of his case, the provision of counsel did not furnish him with the capability of bringing his challenges before the courts." Bourdon, 386 F.3d at 98.

Plaintiff Ortiz makes no such allegations. While he alleges that he was "barely" able to speak with his attorney before court, ECF No. 19 at 1, he does not "state any facts suggesting that he lacked access to his criminal defense attorney, who on Plaintiff's behalf, is capable of pursuing any meritorious claim," Pena-Sanchez, 2022 WL 2954367, at *4. Plaintiff also fails to show that the library closures "impacted his defense of the criminal charges against him" despite having a lawyer. Williams v. City of New York, No. 21-CV-1083, 2022 WL 21828497, at *21 (S.D.N.Y. Aug. 5, 2022); see also Bourdon, 386 F.3d at 99 ("[T]he fact that Bourdon was represented by counsel—professional legal assistance provided at the government's expense—and that Bourdon has not demonstrated that he was hindered from pursuing a particular legal claim, established constitutionally acceptable access to the courts.").

As such, plaintiffs do not allege an actual injury from the law library closures and defendants' motions to dismiss these actions should be granted.

## II.    Failure to allege personal involvement

To state a claim for a civil rights violation under 42 U.S.C. § 1983, a plaintiff must allege (1) that the challenged conduct was committed by a person acting under color of state law and (2) that such conduct "deprived [plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). A plaintiff claiming his civil rights were violated must allege which individuals violated his rights and how each person did so, and may not "rely on a group pleading against all defendants without making specific individual factual allegations." Spring v. Allegany-Limestone Cent. Sch. Dist., 138 F. Supp. 3d 282, 293 (W.D.N.Y. 2015), aff'd in part, vacated in part, remanded, 655 F. App'x 25 (2d Cir. 2016); see also Ying Li v. City of New York, 246 F. Supp. 3d 578, 598 (E.D.N.Y. 2017) ("Pleadings that do not differentiate which defendant was involved in the unlawful conduct are insufficient to state a claim."). Instead, plaintiffs must allege how "each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); see also Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (quoting Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)).

Plaintiffs name seven individual defendants—Wardens, Deputy Wardens, Assistant Deputy Wardens, and a Captain on Rikers Island—in the caption of their complaints. However, plaintiffs do not allege any facts as to what each defendant did or failed to do that violated their rights. Even if plaintiffs had alleged an actual injury, plaintiffs fail to allege defendants' personal involvement in the violation of their constitutional rights and therefore defendants' motions to dismiss these actions should be granted.

### III.    State law claims

Plaintiffs do not explicitly raise state law claims. However, in plaintiffs' requests for relief, plaintiffs state that they seek damages due to defendants' "negligence." ECF Nos. 1 at 6. Liberally construing *pro se* plaintiffs' complaints to raise state law negligence claims, the Court should decline to exercise supplemental jurisdiction over those claims because plaintiffs have not established a claim under 42 U.S.C. § 1983. "A district court usually should decline the exercise of supplemental jurisdiction when all federal claims have been dismissed at the pleading stage." Denney v. Deutsche Bank AG, 443 F.3d 253, 266 (2d Cir. 2006) (citation omitted). Moreover, in addition to failing to allege facts specific to any defendant, plaintiffs do not allege that they filed notices of claims—a statutory prerequisite to a negligence claim against the City of New York or its employees acting within the scope of their employment. See N.Y. Gen. Municipal Law §50-e; Cody v. County of Nassau, 577 F. Supp. 2d 623, 646-47 (E.D.N.Y. 2008) (noting that a notice of claim is a "'condition precedent' to commencing a tort action against New York municipalities or any of their officers, agents, or employees"). Nevertheless, the Court should grant defendants' motions to dismiss any state law claims without prejudice.

### IV.    Leave to amend

"Ordinarily, *pro se* plaintiffs are granted opportunities to amend their complaints freely, however, courts need not afford plaintiffs an opportunity to amend where it is clear that any attempt to amend the complaint would be futile." Kimmel v. New York State Assembly, No. 20-CV-1074, 2020 WL 6273975, at *3 (E.D.N.Y. Oct. 26, 2020) (citing Cruz v. Gomez, 202 F.3d 593, 597–98 (2d Cir. 2000)).

Here, plaintiffs were explicitly informed of the deficiencies in their complaints and were afforded an opportunity to amend their complaints to cure the deficiencies in their pleadings. None

of the plaintiffs filed amended complaints; plaintiff Ortiz filed a letter that the Court has construed as a supplement to his complaint. The supplement did not cure the deficiencies. Under these circumstances, the Court need not afford plaintiffs another chance to amend. See, e.g., Harris v. Westchester Cnty. Med. Ctr., No. 08-CV-1128, 2011 WL 2637429, at *4 (S.D.N.Y. July 6, 2011) (dismissing *pro se* plaintiff's action without leave to amend where plaintiff had "already amended his complaint three times after being informed of the deficiencies in his original complaint").

## CONCLUSION

Plaintiffs filed these actions using nearly-identical form complaints. It appears that plaintiffs have lost interest in prosecuting these actions, as they did not amend their complaints after being given leave to do so and did not oppose defendants' motions to dismiss.[18]

The Court does not condone Rikers Island's closures of the law library as alleged in plaintiffs' complaints. However, plaintiffs fail to state a claim for a violation of their constitutional rights. Accordingly, it is respectfully recommended that defendants' motions to dismiss should be granted, and plaintiffs' federal claims should be dismissed with prejudice. Liberally construing the complaints to include possible state law claims, plaintiffs' state law claims should be dismissed without prejudice.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any

---

[18] As defendants' motions to dismiss plaintiffs' complaints for failure to state a claim should be granted, the Court need not reach defendants' failure to prosecute argument.

further judicial review. <u>Marcella v. Capital Dist. Physician's Health Plan, Inc.</u>, 293 F.3d 42 (2d

Cir. 2002); <u>Small v. Sec'y of Health & Human Servs.</u>, 892 F.2d 15 (2d Cir. 1989); <u>see</u> <u>Thomas v.</u>

<u>Arn</u>, 474 U.S. 140 (1985).

SO ORDERED.

           /S/          

LOIS BLOOM
United States Magistrate Judge

Dated:  July 8, 2024
       Brooklyn, New York